GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. State Bar No. 141720)
Assistant United States Attorney
Major Frauds Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California  90012
     Email: daniel.obrien@usdoj.gov
     Telephone:  (213) 894-2484
     Facsimile:  (213) 894-6436

Attorneys for Plaintiff
UNITED STATES OF AMERICA



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10- CR10-00211 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT SIERRA ALLOYS COMPANY, INC. |
| v. | |
| SIERRA ALLOYS COMPANY, INC., | |
| Defendant. | |

     1.     This constitutes the plea agreement between Sierra Alloys Company, Inc. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

W02-WEST:1BET1\402427607.1

## PLEA

2.      Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a one-count Information in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3.      Defendant is criminally responsible for the acts of its agent when: (a) the agent commits a criminal act, (b) the agent acts within the scope of his authority or apparent authority, and (c) the intent of the agent was to benefit the corporation.

4.      In order for an agent to have committed the criminal act alleged in the Information, which charges a misdemeanor violation of Title 18, United States Code, Section 1003, the following must be true:  (a) the individual demanded or endeavored to obtain a debt due from the United States of less than $1,000, or caused such a demand to be made, (b) the debt was received or paid by virtue of a false instrument, and (c) the individual acted knowingly and with an intent to defraud, as charged in the Information.

Defendant admits that defendant is, in fact, guilty of this offense as described in the one-count information.

## PENALTIES

5.      The statutory maximum sentence that the Court can impose for a misdemeanor violation of Title 18, United States Code, Section 1003 is five years probation, a fine of $200,000, and a mandatory special assessment of $125.  Defendant agrees to pay restitution to the United States in the amount of $10,817.82.

-2-

W02-WEST:1BET1\402427607.1

## FACTUAL BASIS

6.     Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 8 below. It is not meant to be a complete recitation of all facts relevant to the underlying misconduct or all facts known to either party that relate to that conduct.

Defendant Sierra Alloys Company, Inc. is a corporation headquartered in Irwindale, California engaged in the business of manufacturing and selling titanium and other metal alloys. Defendant's customers include various contractors and sub-contractors to the United States government, particularly in the aerospace industry.

On or about March 12, 2003, in the County of Los Angeles, within the Central District of California, an agent of Defendant, acting within the scope of his agency, knowingly and fraudulently supplied titanium forged material to fill an order for a customer who specified MIL-T-9046 titanium "hot-rolled" plate, which was ultimately supplied to a contractor and manufacturer of aircraft for the United States. The agent supplied with the titanium a certificate of conformance that falsely represented that the material had been manufactured in accordance with MIL-T-9046 which required the implementation of the "hot-rolled" manufacturing process. The forged titanium supplied was of lesser quality than titanium properly produced as hot-rolled plate per MIL-T-9046. The March 12, 2003 order involved a total of 75 pounds of titanium for the total dollar amount of $812 which was passed on to the United States government. The agent knew that the certificate of conformance was false and acted fraudulently to cause a demand for money to be made to the United States. The agent acted with the intent to benefit Defendant.

W02-WEST:1BET1\402427607.1

## WAIVER OF CONSTITUTIONAL RIGHTS

7.      By pleading guilty, defendant gives up the following rights:

(a)     The right to persist in a plea of not guilty.

(b)     The right to a speedy trial and public trial by jury.

(c)     The right to the assistance of legal counsel at trial.  (In this regard, defendant understands that, despite its plea of guilty, it retains the right to be represented by counsel at every other stage of the proceeding.)

(d)     The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

(e)     The right to confront and cross-examine witnesses against defendant.

(f)     The right, if defendant wished, to present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

(g)     Any and all rights to pursue any affirmative defenses, Constitutional claims, and other pretrial motions that could be filed.

## SENTENCING FACTORS

8.      Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and

-4-

1   sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or

2   "Sentencing Guidelines"), in determining defendant's sentence. Defendant further

3   understands that the Sentencing Guidelines are advisory only, and that after considering

4   the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to

5   exercise its discretion to impose any reasonable sentence up to the maximum set by statute

6   for the crime of conviction.

7

8        9.    Defendant and the USAO agree and stipulate to the following

9   applicable Sentencing Guidelines factors:

10

11      Base Offense Level:          6          U.S.S.G. § 2B1.1(a)(2)

12

13      Offense Characteristics:     4          U.S.S.G. § 2B1.1(b)(1)(C)

14        (Based on estimated loss from relevant conduct of approximately $10,817.82)

15

16      Total Offense Level:         10

17

18      Base fine:                   $20,000    U.S.S.G. § 8C2.4(d)

19

20      Culpability Score:           4          U.S.S.G. § 8C2.5

21        (5 base + 1 for >10 employees − 2 for acceptance)

22

23      Fine range:                  $16,000 - $32,000   U.S.S.G. § 8C2.7

24

25      10.    The stipulations in this agreement do not bind either the United States

26   Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement

27   the facts by supplying relevant information to the United States Probation Office and the

28   Court, (b) correct any and all factual misstatements relating to the calculation of the

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 8 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

11.    Defendant agrees that it will:

a)    Plead guilty as set forth in this agreement.

b)    Abide by all sentencing stipulations contained in this agreement.

c)    Recommend jointly with the USAO that the Court order defendant to pay $10,817.82 in restitution and a $16,000 fine.

d)    Appear as ordered for all court appearances, pay any ordered fines and restitution, and obey any other ongoing court order in this matter.

e)    Be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f)    Pay the applicable special assessment at or before the time of sentencing.

## THE USAO'S OBLIGATIONS

12.    If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

-6-

a)      To abide by all sentencing stipulations contained in this agreement.

b)      Recommend jointly with the USAO that the Court order defendant to pay $10,817.82 in restitution and a $16,000 fine.

## BREACH OF AGREEMENT

13.     If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement, the USAO may declare this agreement breached.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw the guilty plea, and the USAO will be relieved of all of its obligations under this agreement.

14.     Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any criminal charge or any civil or administrative action not filed as a result of this agreement, then:

a)      Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b)      Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

W02-WEST:1BET1\402427607.1

c) Defendant agrees that: (i) the stipulated factual basis statement in this agreement; and (ii) any evidence derived from such statements, are admissible against defendant in any such prosecution of or action against defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

15.     Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that: (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 10, and the applicable culpability score as determined by the Court.

16.     The USAO gives up its right to appeal the sentence, provided that: (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 10, and the applicable culpability score as determined by the Court.

## COURT NOT A PARTY

17.     The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will

remain bound to fulfill all defendant's obligations under this agreement. No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

18.    Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

19.    The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

W02-WEST:1BET1\402427607.1

1  AGREED AND ACCEPTED

2

3  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

4
   GEORGE S. CARDONA
5
   Acting United States Attorney
6

7

8

9  _____      3/4/10
   DANIEL J. O'BRIEN                          Date
10 Assistant United States Attorney

11

12

13          I have read this agreement on behalf of Sierra Alloys Company, Inc. and

14 carefully discussed every part of it with Sierra Alloys Company, Inc.'s attorney.  I

15 understand the terms of this agreement, and Sierra Alloys Company, Inc. voluntarily

16 agrees to those terms.  Sierra Alloys Company, Inc.'s attorney has advised me of Sierra

17 Alloys Company, Inc.'s rights, of possible defenses, of the sentencing factors set forth in

18 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the

19 consequences of entering into this agreement.  No promises or inducements have been

20 given to Sierra Alloys Company, Inc. other than those contained in this agreement.  No one

21 has threatened or forced Sierra Alloys Company, Inc. in any way to enter into this

22

23 ///

24

25 ///

26

27

28

-10-

W02-WEST:1BET1\402427607.1

1  agreement. Finally, Sierra Alloys Company, Inc. is satisfied with the representation of its

2  attorney in this matter.

3

4  SIERRA ALLOYS COMPANY, INC.

5

6  By: _____  2/17/10

7      JOSEPH P. AUGUSTYN            Date

8  Its:_____

9      Chairman of the Board

10

11

12        I am Sierra Alloys Company, Inc.'s attorney. I have carefully discussed

13  every part of this agreement with my client's Chairman of the Board. Further, I have fully

14  advised my client's Chairman of Board of Sierra Alloys Company, Inc.'s rights, of possible

15  defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant

16  Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

17  To my knowledge, my client's decision to enter into this agreement is an informed and

18  voluntary one.

19

20  SHEPPARD MULLIN RICHTER
    & HAMPTON LLP

21

22  _____      2/18/10

    BRYAN D. DALY                        Date

23  Counsel for Defendant
    SIERRA ALLOYS COMPANY, INC.

24

25

26

27

28

-11-

## CERTIFICATE OF SERVICE

I, **Shaton L. McDaniel**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

## PLEA AGREEMENT FOR DEFENDANT SIERRA ALLOYS COMPANY, INC.

service was:

| | | | |
|---|---|---|---|
| [ ] | Placed in a closed envelope, for collection and interoffice delivery addressed as follows: | [xx] | Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows: |
| [ ] | By hand delivery addressed as follows: | [ ] | By facsimile as follows: |
| [ ] | By messenger as follows: | | |
| [ ] | By email as follows: | [ ] | By federal express as follows: |

**BRYAN DALY, ESQ.**
Sheppard Mullin, et al.
333 South Hope Street, 43rd Floor
Los Angeles, California 90071

This Certificate is executed on **March 4, 2010** at Los Angeles, California.
I certify under penalty of perjury that the foregoing is true and correct.

Shaton L. McDaniel